UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NODDY SINGH, ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice, and PAN KING, INC.

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -against- | DOCKET # |

PRATIK PATEL, individually and as a
shareholder of PAN KING, Inc. d/b/a NY Chicken &
Rice; LALIT PATEL, individually,

Defendants.
-------------------------------------------------------------------------X

**NODDY SINGH and ARJUN SINGH**, individually and as shareholders of Pan King, Inc.

(hereinafter collectively "plaintiffs") by and through their attorneys, **WALIA & WALIA,**

**PLLC**, by way of this Complaint allege as follows:

## PARTIES

1.     Pan King, Inc. d/b/a NY Chicken and Rice (hereinafter "Pan King," "company," or

"corporation") is a duly organized corporation under the laws of the State of New York,

with a principal place of business at 495 South Broadway Hicksville, New York 11801.

2.     Noddy Singh and Arjun Singh are shareholders of Pan King,

Inc. with each having a 37.5% ownership in the company. Both Noddy Singh and Arjun

Singh reside in Long Island New York.

3.   Pratik Patel (hereinafter "P Patel") is a shareholder of Pan King, with a 25%

ownership in the company. P Patel resides at 101 Western Avenue, Jersey City, NJ

07307.

4. Lalit Patel (hereinafter "L Patel") induced and assured Plaintiffs to enter into a working relationship with P Patel. L Patel resides at 101 Western Avenue, Jersey City, NJ 07307.

5. Pan King is a New York corporation with it's principal place of business in New York.

## VENUE AND JURISIDCTION

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

7. Venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief all Plaintiffs are residents of this District.

## FACTUAL ALLEGATIONS

8. As per agreement P Patel is a shareholder of Pan King, with 25% shares in the company and Plaintiffs each have 37.5% share in the company. See **Exhibit "A,"** shareholder agreement.

9. As per agreement P Patel was required to work 48 hours per week.

10. L Patel assured Plaintiffs P Patel would work 48 hours per week and otherwise meet his obligations under the Agreement.

11. P Patel worked for Pan King, from December 16, 2017 until there came a point in time when he decided to leave in January 2020.

12. On or about December 2019 to January 2020 P Patel stopped working for Pan King.

13. P Patel stopped working for Pan King because he was not making a profit, his salary was not enough and he decided to move to New Jersey.

14. P Patel took multiple trips to India to get married.

15. P Patel willfully violated the shareholder agreement.

16. P Patel wanted to "get out" from the business after he came back from his last trip to India.

17. P Patel and L Patel owe Plaintiffs two hundred and fifty thousand ($250,000.00) dollars under the terms of the Agreement.

18. P Patel and L Patel took the agreement with them and reviewed it for at least twenty four (24) hours before P Patel signed it.

## AS AND FOR A FIRST CAUSE OF ACTION
Individual- Plaintiffs for liquidated damages

19. Plaintiffs repeat and reallege paragraphs "1" through "18" as if fully set forth herein.

20. P Patel breached his obligations under the Agreement by quitting abruptly.

21. P Patel breached his obligations under the Agreement by taking multiple unannounced trips to India.

22. P Patel did not provide any written notice before leaving employment with Pan King.

23. P Patel breached his obligations under the Agreement by failing to work the required 48 hours per week which was agreed upon.

24. At the time of signing of the Agreement, P Patel assumed personal liability for any breaches sustained in his individual capacity.

25.  The damages due to breach were not ascertainable at the time the Agreement was signed.

26. The amount of damages agreed upon does bear a reasonable proportion to the probable

loss. *See* Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc., 41 NY2d 420 (1977).

27. Plaintiffs are owed two hundred fifty thousand dollars in liquidated damages.

28. **WHEREFORE**, Plaintiffs demands judgment in an amount equal to no less than $250,000.00 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION
#### Individual- fraud in the inducement of a contract

29. Plaintiffs repeat and reallege paragraphs "1" through "28" as if fully set forth herein.

30.P Patel and L Patel intentionally misrepresented that P Patel would work a minimum of 48 hours under the Agreement.

31.  P Patel and L Patel willingly and with intent to defraud Plaintiffs agreed that P Patel would work a minimum of 48 hours under the agreement.

32. At the time of signing of the Agreement, P Patel and L Patel had no intention to follow through on P Patel's 48 hour work commitment.

33. At the time of signing of the Agreement, P Patel assumed personal liability for any breaches sustained in his individual capacity.

34. Plaintiffs relied on P Patel and L Patel's assurance that P Patel would work a minimum of 48 hours before agreeing to make him 25% shareholder in Pan King.

35. Plaintiffs relied on P Patel and L Patel's assurance that P Patel would follow the terms of

the Agreement before being induced into signing the same.

36. **WHEREFORE** Plaintiffs demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION
Derivative- General and consequential damages

37. Plaintiffs repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "36" with the same force and effect as if more fully set forth at length herein.

38.Plaintiffs bring this action derivatively in the right and for the benefit of Pan King to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Defendants.

39. A Pre-litigation demand was served on the corporation, Pan King, demanding the right to commence a lawsuit against Pratik Patel and Lalit Patel. Annexed hereto as **Exhibit "B."** Demand with minutes of Board Meetings.

40. On March 14, 2023 at a lawfully noticed shareholder/Board of Directors meeting it was resolved and agreed to by a majority of the shareholders/Board of Directors that Plaintiffs Noddy Singh and Arjun Singh were authorized to bring a derivative action in the right and benefit of Pan King, inc. to redress injuries they suffered and continue to suffer.

41. As set forth above, Plaintiffs are shareholders in Pan King, Inc. and have each been 37.5% shareholders for a total ownership amounting to 75% for both Noddy and Arjun Singh during the time relevant to this matter.

42. Plaintiffs will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

43. Plaintiffs do have an interest in Pan King, constituting 75% of the shares of the company, and each has a financial and/or personal interest in the transaction set forth above. As such, the pre-litigation demand upon Pan King, Inc. to sue Plaintiffs for the breaches of fiduciary duty set forth herein was validly ratified.

44.   Pan King has suffered losses since P Patel's departure for which P Patel has not taken responsibility.

45.   P Patel as executive is personally liable for losses sustained by the Corporation, Pan King due to fraud, mismanagement and breach of Agreement.

46. Plaintiffs sustained both general damages and consequential damages as result of the defendants breach.

47. Plaintiffs relied upon the assurances given by L Patel regarding P Patel's expected performance to their detriment.

48. Due to P Patel's sudden departure Plaintiffs sustained loss of profit.

49. Due to P Patel's sudden departure the value of Pan King was diminished.

50. **WHEREFORE** Plaintiffs demands judgment in an amount equal to no less than

$1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Derivative- Reliance and Sunk Cost Damages

51. Plaintiffs repeats, reiterates and realleges each and every admission, denial and allegation contained in aforementioned paragraphs numbered "1" through "50" with the same force and effect as if more fully set forth at length herein.

52.      Plaintiffs bring this action derivatively in the right and for the benefit of Pan King to redress injuries they suffered, and that they continue to suffer, as a direct result of breaches of fiduciary duties owed by Defendants.

53.  A Pre-litigation demand was served on the corporation, Pan King, demanding the right to commence a lawsuit against Pratik Patel and Lalit Patel.  Annexed hereto as **Exhibit "B."** Demand with minutes of Board Meetings.

54. On March 14, 2023 at a lawfully noticed shareholder/Board of Directors meeting it was resolved and agreed to by a majority of the shareholders/Board of Directors that Plaintiffs Noddy Singh and Arjun Singh were authorized to bring a derivative action in the right and benefit of Pan King, inc. to redress injuries they suffered and continue to suffer.

55. As set forth above, Plaintiffs are shareholders in Pan King, Inc.  and have each been 37.5% shareholders for a total ownership amounting to 75% for both Noddy and Arjun Singh during the time relevant to this matter.

56. Plaintiffs will adequately and fairly represent the interests of Pan King in enforcing and prosecuting their rights.

57. Plaintiffs do have an interest in Pan King, constituting 75% of the shares of the

company, and each has a financial and/or personal interest in the transaction set forth above. As such, the pre-litigation demand upon Pan King, Inc. to sue Plaintiffs for the breaches of fiduciary duty set forth herein was validly ratified.

58.     Pan King Inc. has suffered losses since P Patel's departure for which P Patel has not taken responsibility.

59.     P Patel's as president and or officer was responsible for losses sustained by the Corporation, Pan King for which he is personally liable.

60.     P Patel unilaterally and voluntarily left in December of 2019 to avoid paying for the losses sustained by the corporation.

61. P Patel's abrupt and sudden departure caused Plaintiffs to sink more money into Pan King.

62. Plaintiffs had to take out SBA and EIDL loans to make up for the losses incurred by P Patel's sudden departure.

63. Plaintiffs relied upon P Patel's expected but failed performance.

64. L Patel induced, assured Plaintiffs of P Patel's expected performance and Plaintiffs relied on the same to their detriment.

65. **WHEREFORE**, Plaintiffs demands judgment in an amount equal to no less than $1,000,000 inclusive of compensatory damages, punitive damages, plus interest, costs, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to enter judgment in favor of the Plaintiffs and against Defendants as follows:

a.In the amount of $250,000in favor of Plaintiffs, plus interest, costs and attorney's fees on the First Cause of Action;

b.In the amount of $1,000,000in favor of Plaintiffs, plus interest, costs and attorney's fees on

the Second Cause of Action;

c.In the amount of $1,000,000in favor of Plaintiffs, plus interest, costs and attorney's fees on

the Third Cause of Action;

d. In the amount of $1,000,000in favor of Plaintiffs, plus interest, costs and attorney's fees on

the Fourth Cause of Action.

Yours, etc.

_____
**BOBBY WALIA**

**WALIA & WALIA, PLLC**
Attorneys for Plaintiffs
**NODDY SINGH AND ARJUN SINGH**
136-40 39th Avenue, Suite #304
Flushing, New York 11354
Ph.No.:718-353-4478

To:

Pratik Patel/ Lalit Patel resides
101 Western Avenue, Jersey City, NJ
07307

## VERIFICATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23.1

I, Noddy Singh declare the following to be true and correct to the best of my knowledge and belief under penalties of perjury under 28 U.S.C. §1746:

1.  At all times relevant times stated in the above Complaint, I was a shareholder of Pan King Inc.
2.  This action is not a collusive one to confer jurisdiction that this Court would otherwise lack.
3.  I have read the foregoing Complaint and Exhibits attached thereto, and the same are true and correct to my knowledge, except for those matters stated on information and belief, and as those matters, I believe them to be true.

Dated: July 25, 2023

Noddy Singh *as officer for Pan King Inc. & Individually*

## VERIFICATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23.1

I, Arjun Singh declare the following to be true and correct to the best of my knowledge and belief under penalties of perjury under 28 U.S.C. §1746:

1. At all times relevant times stated in the above Complaint, I was a shareholder of Pan King Inc.
2. This action is not a collusive one to confer jurisdiction that this Court would otherwise lack.
3. I have read the foregoing Complaint and Exhibits attached thereto, and the same are true and correct to my knowledge, except for those matters stated on information and belief, and as those matters, I believe them to be true.

Dated: July 25, 2023

Arjun Singh cs officer
for Pen King, Inc. &
Individually

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

NODDY SINGH, ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice, and PAN KING, INC.,

                             Plaintiffs,

        -against-

NODDY SINGH; ARJUN SINGH, individually and as
shareholders of PAN KING, Inc. d/b/a NY Chicken &
Rice,

                        Defendants.

----------------------------------------------------------------------X

**COMPLAINT AND
DEMAND FOR JURY
TRIAL**
DOCKET #:

---

**WALIA & WALIA, PLLC**
Attorneys for the Plaintiffs
**NODDY SINGH AND ARJUN SINGH**
136-40 39th Avenue, Suite #304
Flushing, NY 11354
Ph.No.: 718-353-4478

---

To:

Pratik Patel/ Lalit Patel resides
101 Western Avenue, Jersey City, NJ
07307